**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNARD TERRY, | ) | Cr. A. No. 1507014451 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: July 12, 2017

On Defendant Kennard Terry's Motion for
Post Conviction Relief. **DENIED.**

## ORDER

1. Defendant Kennard Terry had a jury trial in this Court from July 26, 2016 to July 27, 2016.

2. Defendant was convicted guilty of Assault 2nd, Possession of a Deadly Weapon During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited.

3. Defendant was sentenced on October 14, 2016, and filed this Motion for Post Conviction Relief on April 18, 2017.

4. The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1]

5. Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1).

6. Rule 61(i)(2)[2] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion.

7. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[3]

8. Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[4]

9. Defendant's Motion for Post Conviction Relief is barred by Rule 61(i)(4). Ground two of Defendant's Motion asserts "inconsistent statements" as a ground for relief. Defendant states: "During my trial on 7-26-16 to 7-27-16 the victim Pete Freemon was caught in lies on the stand. He lied about not being under the influence and his reason why I allege[d]ly attack[ed] him."

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Super. Ct. Crim. R. 61(i)(2).
[3] Super. Ct. Crim. R. 61(i)(3).
[4] Super. Ct. Crim. R. 61(i)(4).

10. The fact finder determines the credibility of witnesses at trial. A jury found Defendant guilty on July 27, 2016, and the jury had the opportunity to assess the credibility of the witnesses before them. Thus, Defendant is not entitled to relief under Rule 61 under this theory.

11. Additionally, Ground One of Defendant's Motion is "Mental Health History," stating that he has been "mentally impaired since 1996 and been receiving treatment from the Veterans Affair Medical Center." This is not a proper ground for relief under Rule 61.

12. Accordingly, for the reasons stated above, Defendant's Motion for Postconviction Relief is summarily dismissed.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.